UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| POWELL-CHRISTENSEN, INC., *doing business as* R.E. Powell Distributing Co., )))) | |
| Plaintiff, )) | |
| v. ) | CASE NO: 1:16-cv-00341-PPS-SLC |
| ) | |
| IRELY LLC, )) | |
| Defendant. ) | |

## OPINION AND ORDER

On September 22, 2016, Plaintiff Powell-Christensen, Inc., doing business as R.E. Powell Distributing Co., filed a complaint against Defendant iRely, LLC, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Plaintiff's allegations concerning the citizenship of the parties, however, are insufficient to establish diversity jurisdiction.

With respect to Plaintiff, corporations "are deemed to be citizens of the state in which they are incorporated *and* the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added) (citing 28 U.S.C. § 1332(c)(1)). While the complaint alleges that Plaintiff is a Washington corporation, it does not allege the state in which it has its principal place of business.

As to Defendant, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th

Cir. 1998). Therefore, the Court must be advised of the name and citizenship of each of the members of Defendant to ensure that none of the members share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Such citizenship must be "traced through multiple levels" for those members of Defendant who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Also, the allegations in the complaint concerning citizenship of Defendant are premised upon information and belief. (DE 1 ¶ 3.2). But "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).

Therefore, Plaintiff is ORDERED to file an amended complaint on or before October 7, 2016, that properly alleges the citizenship of each party.

SO ORDERED.

Entered this 23rd day of September 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge
